**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4871**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ANTWON QUARTEZ OBEY, a/k/a Tweezy,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:12-cr-00057-F-2)

Submitted:  November 18, 2014          Decided:  December 9, 2014

Before KING and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Sarah Jessica Farber, FARBER LAW FIRM, PLLC, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwon Quartez Obey seeks to appeal his convictions and sentence for two counts of conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371 (2012). On appeal, Obey's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in calculating Obey's Guidelines range. Obey was advised of his right to file a pro se supplemental brief but did not file one. The Government has filed a motion to dismiss Obey's appeal based on an appellate waiver provision in the plea agreement. Obey opposes the Government's motion as premature. We grant the Government's motion to dismiss in part and dismiss Obey's appeal of his sentence, and we deny the motion in part and affirm Obey's convictions.

We review de novo a defendant's waiver of appellate rights. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." Id. (internal quotation marks omitted). Our review of the record leads us to conclude that, under the totality of the circumstances, Obey's waiver of appellate rights was knowing and voluntary and that the waiver provision is therefore valid and enforceable. See id.; United

2

States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (providing standard).

We will enforce a valid waiver so long as "the issue appealed is within the scope of the waiver." Copeland, 707 F.3d at 528. We conclude that Obey's challenge to the calculation of his Guidelines range falls within the scope of the appellate waiver provision in the plea agreement. Therefore, we grant the Government's motion to dismiss in part and dismiss Obey's appeal of his sentence.

The appellate waiver does not, however, preclude our review of a challenge to the voluntariness of Obey's plea. See United States v. Attar, 38 F.3d 727, 732–33 & n.2 (4th Cir. 1994). We have reviewed the plea colloquy for plain error and conclude that any errors or omissions in the plea colloquy did not affect Obey's substantial rights. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (stating standard of review); see also Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (detailing plain error standard). We therefore deny in part the Government's motion to dismiss and affirm Obey's convictions.

In accordance with Anders, we have reviewed the entire record and have found no unwaived potentially meritorious grounds for appeal. We therefore affirm Obey's convictions and dismiss the appeal of the sentence. This court requires that

3

counsel inform Obey, in writing, of his right to petition the Supreme Court of the United States for further review. If Obey requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Obey. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
